JOHN M. KULCSAR,

        Plaintiff,

      v.

AUTOZONE, INC.,

        Defendant.

Case No.: 3:15-CV-289-JVB-CAN

## OPINION AND ORDER

Plaintiff John Kulcsar, who is not represented by counsel, moved for an extension to amend his Complaint.

A party may amend his pleading beyond the time parameters of Federal Rule of Civil Procedure 15(a)(1) by leave of the court. Fed. R. Civ. P. 15(a)(2). A court should freely grant leave to amend when justice so requires. *Id.*

However, a court may deny an amendment for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of amendment." *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (quoting *Foman v. Davis*, 371 U.S 178, 182 (1962)). Delay alone is usually not a sufficient reason for a court to deny a motion to amend. But a longer delay tends to create a greater presumption against granting leave to amend. *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008).

If there is no apparent or declared reason not to grant leave to amend, generally "the leave sought should, as the rules require, be 'freely given.'" *Cont'l Bank, N.A. v. Meyer*, 10 F.3d

1293, 1298 (7th Cir. 1993) (quoting *Foman*, 371 U.S. at 182). "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *accord, e.g., J.D. Marshall Int'l, Inc. v. Redstart, Inc.*, 935 F.2d 815, 819 (7th Cir. 1991).

The Court will grant Plaintiff's motion to amend. The Court finds that granting leave to amend will not result in undue delay. Moreover, there is no indication Plaintiff seeks leave to amend in bad faith, or for a dilatory motive, and Plaintiff has not previously amended his Complaint. An amendment would not unduly prejudice Defendant. Finally, the Court cannot conclude at this juncture that an amendment would be futile.

Therefore, in the interests of justice, the Court:

1) **GRANTS** Plaintiff's Motion for Extension to Amend Complaint (DE 14). Plaintiff may file an Amended Complaint by April 25, 2016;

2) **NOTES** that if Plaintiff does not file an Amended Complaint by April 25, 2016, the Court will rule on Defendant's Motion to Dismiss (DE 10);

3) **DENIES** Plaintiff's Motion to Vacate the Defendant's Motions to Dismiss (DE 17).

**SO ORDERED** on March 22, 2016.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE